UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYMOND FOLEY | CIVIL ACTION: |
| VERSUS | |
| NEWELL NORMAND, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS FORMER SHERIFF OF JEFFERSON PARISH; JOSEPH P. LOPINTO, III, AS SUCCESSOR TO SHERIFF NORMAND, IN HIS OFFICIAL CAPACITY AS SHERIFF OF JEFFERSON PARISH; SEAN PARKER PAUL DIMITRI AND ANDRE NELSON, INDIVIDUALLY, AND IN THEIR OFFICIAL CAPACITIES AS JEFFERSON PARISH DEPUTY SHERIFFS | NUMBER: **18-614**<br><br>SECT. \_\_\_\_, MAG. \_\_\_\_ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT**

    **NOW COMES** petitioner, **RAYMOND FOLEY**, through undersigned counsel, who respectfully represents:

## **I. PRELIMINARY STATEMENT**

    1. This action is brought pursuant to 42 U.S.C. §1983 and 1988 as an action of law to redress the deprivation under the color of statute, ordinance, regulation and custom

and usage of right, privilege or immunity secured to the petitioner by the Fourth Amendment to the Constitution of the United States and arising under the laws, constitution and statutes of the State of Louisiana.  Supplemental jurisdiction over claims under state constitutional and statutory law is also invoked.

## II.  JURISDICTION

2.  Jurisdiction is vested in this Court by 28 U.S.C. § 1331 and 1343.

3.  Supplemental jurisdiction is asserted for all claims cognizable under the laws of the State of Louisiana.

## III.  PARTIES

### (PETITIONER)

4.  **RAYMOND FOLEY** (hereinafter "FOLEY"), an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

### (DEFENDANTS)

5.  **NEWELL NORMAND** (hereinafter "SHERIFF NORMAND"), in his individual and official capacity as Sheriff of Jefferson Parish, an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

6.  **JOSEPH P. LOPINTO, III** (hereinafter "SHERIFF LOPINTO"), in his official capacity as Sheriff of Jefferson Parish, an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

7.  **SEAN PARKER** (hereinafter "PARKER"), individually, as a Jefferson Parish

Sheriff's Deputy, an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

8. **PAUL DIMITRI** (hereinafter "DIMITRI"), individually, as a Jefferson Parish Sheriff's Deputy, an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

9. **ANDRE NELSON** (hereinafter "NELSON"), individually, as a Jefferson Parish Sheriff's Deputy, an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

10. At all times relevant hereto and in all actions of defendants herein, these acts were committed under color of state law and under color of their authority as Sheriff and Sheriff's Deputy of the Jefferson Parish Sheriff's Office.

11. The defendants are liable jointly, severally and insolido.

## IV.  FACTUAL ALLEGATIONS

12. On or about January 19, 2017 shortly before midnight, the petitioner, FOLEY, went to 2858 Elizabeth Street in Marrero, Louisiana to speak with his girlfriend, Courtney Newbill (hereinafter "Newbill"). Newbill became annoyed with FOLEY who was ringing the doorbell. She contacted the Jefferson Parish Sheriff's Office ("JPSO") and complained that FOLEY was disturbing her.  Because Newbill refused to answer the door FOLEY left in his vehicle proceeding east on Elizabeth Street. By this time, it was shortly after midnight on January 20, 2017.

13. As FOLEY approached the intersection of Elizabeth Street and Ames Boulevard he observed at least two JPSO police vehicles headed south on Ames Boulevard towards Elizabeth Street. Believing that they were looking for him because of his prior conduct at Newbill's residence he placed his vehicle in reverse and proceeded to drive westbound on Elizabeth Street towards 2858 Elizabeth Street.

14. As FOLEY was driving in reverse he observed at least two of the JPSO police vehicles turn from Ames Boulevard onto Elizabeth Street and proceed in his direction. When one of the JPSO vehicles reached him, it put its lights and siren on in an effort to stop and detain him. FOLEY refused to stop and continued driving in reverse on Elizabeth Street until he arrived at 2858 Elizabeth Street where he backed into the driveway and placed his vehicle in park.

15. At this time FOLEY observed three JPSO police vehicles stop in front of the Elizabeth Street address. FOLEY observed two deputies, NELSON and DIMITRI, approach his vehicle from his left. FOLEY placed his hands up in the air to show them he was unarmed. FOLEY heard at least one of these deputies order him out of the car.

16. Before FOLEY could exit the car the defendant, PARKER, reached in through the passenger side front seat of FOLEY's car and snatched FOLEY out of the driver's seat. FOLEY was unaware of PARKER even being present until that time. PARKER acted before FOLEY had time to respond to the other deputy's request to exit the car. PARKER took FOLEY to the ground breaking bones and tearing ligaments in FOLEY's

right ankle.

17. While still on the ground NELSON and DIMITRI grabbed and twisted the fingers of FOLEY's left hand tearing the ligaments of his middle finger.

18. FOLEY was subsequently transported to JPSO Lockup. Because of his injuries he was transferred to University Medical Center ("UMC") in New Orleans, Louisiana. At UMC he was diagnosed with fractures and torn ligaments in his right ankle. He was subsequently returned to JPSO Lockup where he remained until he bonded out.

19. FOLEY never refused to comply with any of the defendant-deputies' instructions to exit the car after his vehicle came to a stop in the driveway, nor did he resist any of the defendant-deputies when he was being arrested or pulled out of the car or taken to the ground.

20. As a result of this excessive use of force by PARKER, DIMITRI and NELSON, which is a violation of FOLEY's Fourth Amendment right to be free from unreasonable search and seizure, FOLEY sustained injuries to his right ankle and ligaments of his middle left finger.

21. In the alternative, the defendants, PARKER, DIMITRI and NELSON, committed the state law torts of assault and battery on FOLEY when PARKER unnecessarily pulled FOLEY out of the car and when DIMITRI and NELSON unnecessarily twisted his left middle finger.

22. In the alternative, the defendants, PARKER, DIMITRI and NELSON, were

negligent in their treatment of FOLEY when PARKER carelessly used too much force and injured FOLEY's right ankle and when DIMITRI and NELSON carelessly used too much force and twisted his left middle finger.

23. The defendants, DIMITRI and NELSON, observed PARKER utilize excessive force and violate FOLEY's Fourth Amendment right yet failed to intercede to prevent it and failed to report said violation.

24. As a result of the actions of the defendants described in paragraphs 20 through 23, FOLEY sustained damages for his physical pain and suffering, disability, mental anguish, distress, embarrassment, humiliation, loss of enjoyment of life, lost earnings, past, present and future medical expenses.

25. In addition, as a result of the actions described in paragraph 20, FOLEY sustained damages for violation of his United States Constitutional Fourth Amendment right against unreasonable search and seizure.

26. At all times mentioned herein, the defendants, PARKER, DIMITRI and NELSON, were acting in the course and scope of their employment with SHERIFF NORMAND. As such, the defendant, SHERIFF NORMAND, would be liable to FOLEY for the state law torts of assault, battery and negligence attributable to PARKER, DIMITRI and NELSON, under the state law theory of respondeat superior.

27. The defendant, SHERIFF NORMAND, resigned on August 31, 2017. The defendant, SHERIFF LOPINTO, is SHERIFF NORMAND's successor and is substituted

as a defendant. SHERIFF LOPINTO would be liable for all FOLEY's damages attributable to SHERIFF NORMAND.

28. The defendant, SHERIFF LOPINTO, is liable to FOLEY for damages as a result of his predecessor, SHERIFF NORMAND's negligent retention of the defendants and for his failure to properly train the defendant deputies in the proper use of force while effecting an arrest and for failing to properly supervise and discipline said deputies for their prior improper use of unnecessary force which resulted in unnecessary injury to FOLEY. The damages to FOLEY were directly and proximately cause by this conduct of SHERIFF NORMAND.

29. The defendant, SHERIFF LOPINTO, is liable to the petitioner for damages because his predecessor, SHERIFF NORMAND, knew, or should have known, of the pattern of prior misconduct of PARKER, DIMITRI and NELSON, ie., their repeated use of excessive force, yet he ignored this pattern of misconduct and continued to retain them and refused to properly supervise and/or discipline them. The defendant, SHERIFF NORMAND, as their supervisor was deliberately indifferent to this pattern of mistreatment of civilians and made no effort to impose sanctions for previous actions involving excessive force when he knew or should have known, that it was foreseeable that they would continue with the same behavior. The conduct of the defendant-deputies and the damages to FOLEY were directly and proximately caused by this policy of SHERIFF NORMAND.

30. At all relevant times the conduct of the defendants was in willful, reckless and callous disregard of FOLEY's rights under federal law.

31. All the defendants are liable to FOLEY for punitive damages as a result of violating his civil right.

## V.  CAUSES OF ACTION

### COUNT I

### CIVIL RIGHTS VIOLATION BY PARKER, DIMITRI AND NELSON

32. The allegations of paragraphs 12 through 31 are repeated.

33. The actions of PARKER, DIMITRI and NELSON violated FOLEY's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure and to due process.

### COUNT II

### CIVIL RIGHTS VIOLATION BY SHERIFF NORMAND IN HIS INDIVIDUAL CAPACITY AS A SUPERVISOR AND/OR ALTERNATIVELY, IN HIS OFFICIAL CAPACITY AS A POLICYMAKER

34. The allegations of paragraphs 12 through 31 are repeated.

35. The violation of FOLEY's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, FOLEY's damages, and the conduct of PARKER, DIMITRI and NELSON were directly and proximately caused by the actions and/or inactions of SHERIFF NORMAND, who encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices

and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

    a.    The use of force by deputies;

    b.    The monitoring of deputies with a history and/or pattern of repeatedly utilizing excessive force in connection with their arrests;

    c.    The failure of deputies to follow established policies, procedures, directives and instructions regarding arrests and the use of force.

    d.    The failure to identify and take remedial or disciplinary action against deputies who were the subject of prior civilian or internal complaints of misconduct.

    e.    The failure to properly sanction or discipline deputies who observe and are aware of and conceal and/or aid and abet violations of constitutional rights of other citizens by other deputies.

## COUNT III

### STATE LAW CLAIMS AGAINST PARKER, DIMITRI AND NELSON

36. The allegations of paragraphs 12 through 31 are repeated.

37. The actions of PARKER, DIMITRI and NELSON constitute the torts of assault battery and/or negligence under the laws of the State of Louisiana.

## COUNT IV

### STATE LAW CLAIMS AGAINST SHERIFF NORMAND

38. The allegations of paragraphs 1 through 30 are repeated.

39. The actions of SHERIFF NORMAND in failing to properly train, supervise or discipline the defendant deputies and in negligent retaining them are torts under the laws

of the State of Louisiana.

40.  Under state law SHERIFF NORMAND is vicariously liable to FOLEY for the state law torts committed by PARKER, DIMITRI and NELSON.

## VI.  DAMAGES

41. As a result of the afore-described civil rights violation and state law claims, FOLEY suffered physical injuries, mental and emotional pain and suffering, mental anguish and distress, embarrassment, humiliation and medical expenses and loss of enjoyment of life for which he is entitled to general, special and punitive damages.

42. FOLEY seeks reasonable attorney's fees in accordance with 42 U.S.C. § 1988 plus judicial interest and for the defendants to bear all costs of these proceedings.

**WHEREFORE**, the petitioner, RAYMOND FOLEY, prays that the defendants be duly cited and served copies of the above and foregoing, made to timely appear and answer, that the Court exercises its supplemental jurisdiction over the state claims, and after due proceedings, there be judgment in his favor and against the defendants, NEWELL NORMAND, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS FORMER SHERIFF OF JEFFERSON PARISH, JOSEPH P. LOPINTO, III, AS SUCCESSOR TO SHERIFF NORMAND, IN HIS OFFICIAL CAPACITY AS SHERIFF OF JEFFERSON PARISH, SEAN PARKER, PAUL DIMITRI and ANDRE NELSON, INDIVIDUALLY IN THEIR OFFICIAL CAPACITIES AS JEFFERSON PARISH SHERIFF'S DEPUTIES, holding them liable jointly, severally and in solido for all compensatory and punitive damages alleged herein, together with judicial interest, for

all attorney's fees, and that the defendants bear all costs of these proceedings, and for all further legal, equitable and general relief available.

>Respectfully submitted;
>
>/s/ Gary W. Bizal
>**GARY W. BIZAL** (La. Bar No. 1255)
>**GARY W. BIZAL, L.L.C.**
>639 Loyola Avenue, Suite 1820
>New Orleans, Louisiana 70113
>(504)525-1328 Telephone
>(504)525-1353 Fax
>piblaw@bellsouth.net
>ATTORNEY FOR PETITIONER,
>RAYMOND FOLEY

**SERVICE ON ALL DEFENDANTS WILL BE MADE BY WAIVERS**